## Young v. Aeroprojects, Incorporated

*William H. Mitman*, for plaintiff.

*James E. McErlane*, for defendants.

PITT, J., November 7, 1973.—Plaintiff, James G. Young, filed action in assumpsit seeking, in count 1 thereof, recovery under the Fair Labor Standards Act of June 25, 1938 C. 676, §1, 52 Stat. 1060, for uncompensated overtime work in the amount of $5,205.06. Jurisdiction of this court to dispose of the cause of action under the Federal statute is not a subject of controversy. In count 2 of the complaint, recovery is sought for severance pay which is claimed to be due and owing.

Defendants filed preliminary objections. The first objection is in the nature of a demurrer to the first count of the complaint, in that plaintiff's complaint identifies his capacity with defendants as that of an engineer and a supervisor. The act on which the cause of action is based exempts from coverage persons

employed in an executive, administrative or professional capacity. Without more than the pleadings before us, we are unable to determine as a matter of law whether or not plaintiff herein was employed in an executive, administrative or professional capacity and this demurrer is, therefore, overruled.

The preliminary objections of defendants include a motion for a more specific pleading as to count 1 of the complaint and specifically claim inability to form a responsive pleading to paragraphs 11 and 12 of the complaint because no specifics as to dates, places, miles, etc. are given. We believe the complaint to be adequate and capable of answer and note that the information sought to be compelled in an amended complaint is easily the subject of discovery.

Defendants' preliminary objections also raise demurrer to the second count of the complaint, claiming that, contrary to the averments of that count, plaintiff was dismissed for the convenience of defendants, that plaintiff voluntarily resigned and, further, a copy of said resignation is attached to the preliminary objections. The attached resignation may, indeed, raise serious question as to whether or not plaintiff's separation was for the convenience of defendants, but we believe that the issue is not properly before us in a demurrer. Said resignation, if properly pleaded, may become the subject of a later motion, but is not properly before us at this point. The demurrer to the second count of the complaint is over-ruled.

Thus, we make the following

ORDER

And now, to wit, this November 7, 1973, for the reasons hereinabove set forth, the preliminary objections of defendants are dismissed and said defendants are granted leave to file responsive pleading within 30 days of this date.